UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAMON ANTONIO FELICIANO,

    Plaintiff,

v.                                            CASE NO. 8:25-cv-323-SDM-CPT

10TH JUDICIAL CIRCUIT, *et al.*,

    Defendants.
_____/

**ORDER**

    Feliciano's complaint alleges that the defendants violated his civil rights during his criminal prosecution. Feliciano moves for leave to proceed *in forma pauperis*. (Doc. 2) The Prisoner Litigation Reform Act ("PLRA") requires dismissal of an *in forma pauperis* prisoner's action "if the allegation of poverty is untrue" or if the complaint "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). Although the complaint is entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), Feliciano must file an amended complaint.

    Feliciano's complaint is a long narrative that fails to specify a particular violation of a constitutionally protected right or an act by a particular defendant that violated a right, despite the complaint's listing many defendants. As currently written, the complaint is insufficient.

Although the factual allegations in a *pro se* complaint (including all reasonable and direct inferences) are accepted as true, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the factual allegations and reasonable inferences must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and must provide "more than labels and conclusions [or] a formulaic recitation of the elements of the cause of action . . . ." *Twombly*, 550 U.S. at 555. In short, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. As summarized in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S. Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955.

Also, the complaint must both contain "well-pleaded facts" and assert specific wrongful conduct because "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief.' Fed. Rule Civ. Proc. 8(a)(2)." *Iqbal*, 556 U.S. at 679. *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 n.43

(11th Cir. 2008), explains that "*Twombly* [i]s a further articulation of the standard by which to evaluate the sufficiency of all claims brought pursuant to Rule 8(a)." *Twombly* specifically applies to a Section 1983 prisoner action. *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008).

Moreover, the complaint must assert facts showing the direct and active involvement of each defendant in the alleged deprivation of Feliciano's civil rights. *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 691, 694 (1978); *Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007) ("We do not recognize vicarious liability, including *respondeat superior*, in § 1983 actions.").

The fact that Feliciano is proceeding *pro se* does not excuse his failure to comply with the basic pleading requirements imposed by the federal rules. And, although the district court must generously construe a *pro se* complaint, neither a district court nor a defendant is required to read between the lines to create a claim on a plaintiff's behalf. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (*per curiam*) (noting that while a *pro se* complaint "is held to a less stringent standard than a pleading drafted by an attorney[, the complaint] must still suggest that there is at least some factual support for a claim") (citation omitted); *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1368–69 (11th Cir. 1998) ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as

*de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.") (citations omitted).

First, the complaint lists as defendants a state court judge, two prosecutors, and two public defenders. Feliciano can pursue a claim against neither a judge nor a prosecutor nor his defense lawyer.

A state court judge is entitled to absolute immunity from suit in a civil rights action for an act that is within the scope of judicial authority. *Bradley v. Fisher*, 80 U.S. (13 Wall.) 355 (1871); *Supreme Court of Virginia v. Consumers Union of U.S., Inc.*, 446 U.S. 719 (1980); *Jones v. Cannon*, 174 F.3d 1271, 1281–82 (11th Cir. 1999). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 10 (1991).

Feliciano's allegations against the prosecutors show that each acted in the capacity of a prosecutor. Prosecutorial immunity precludes Feliciano's recovering damages. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("[A]bsolute immunity extends to a prosecutor's acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State . . . .'") (*quoting Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). *See also Van de Kamp v. Goldstein*, 555 U.S. 335, 340–43 (2009), and *Hart v. Hodges*, 587 F.3d 1288, 1294–96 (11th Cir. 2009), for a thorough review of the breadth

of prosecutorial immunity. As a consequence, Feliciano can pursue a claim for damages against neither prosecutor.

Feliciano's complaint fails to state a claim against his assigned public defenders because the complaint must allege facts showing that counsel acted under color of state law. *See generally Dennis v. Sparks*, 449 U.S. 24 (1980). The complaint fails to state a claim against the defense attorneys because no defense counsel — whether publicly provided or privately retained — acts under color of law. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dobson*, 454 U.S. 312, 325 (1981). Feliciano's allegations are based on his counsels' actions while "performing a lawyer's traditional functions" as described in *Dobson*. Therefore, Feliciano's defense attorneys were not acting under color of state law and are not liable under Section 1983. *See also Barr v. Gee*, 437 F. App'x 865, 875 (11th Cir. 2011) ("State public defenders do not act under color of state law, even when appointed by officers of the courts.") (citing *Wahl v. McIver*, 773 F .2d 1169, 1173 (11th Cir. 1985)).

Second, the complaint lists a private entity, "Florida Holiness Campgrounds," as a defendant. "As a matter of substantive constitutional law the state-action requirement reflects judicial recognition of the fact that 'most rights secured by the Constitution are protected only against infringement by governments.'" *Lugar v. Edmondson Oil Co.*, Inc., 457 U.S. 922, 936 (1982) (quoting *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149, 156 (1978)). The Fourteenth Amendment offers no protection against private conduct, no

matter how wrongful, outrageous, or discriminatory. *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974).

Third, the complaint lists the "Lakeland Police Department" and the "Polk County Sheriff's Office" as defendants. As *Williams v. Miami-Dade Police Dep't*, 297 F. App'x 941, 945 (11th Cir. 2008),[*] explains, a "police department" is not a legal entity subject to suit:

> "[P]olice departments are not usually considered legal entities subject to suit, but capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (internal citations and quotations omitted) (dismissing as a defendant to a § 1983 suit a county sheriff's department in Alabama). Under Florida law, police departments are not legal entities amenable to suit. *Masson v. Miami-Dade County*, 738 So. 2d 431, 432 (Fla. App. 3d 1999) (noting that the MDPD lacks the capacity to be sued under the Miami-Dade County Code § 2-91); *Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. App. 3d 1995). Because the MDPD does not have the capacity to be sued under Florida law, the district court did not err in dismissing it as a party.

Similarly, as *Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 700–01 (11th Cir. 2013), explains, a "sheriff's office" is not a legal entity subject to suit:

> Whether a party has the capacity to be sued is determined by the law of the state in which the district court sits. *Dean v. Barber*, 951 F.2d 1210, 1214–15 (11th Cir. 1992). Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued. Thus, the district court did not err by dismissing Faulkner's claim against MCSO because MCSO is not a legal entity with the capacity to be sued under Florida law. *See Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. Dist. Ct. App. 1995) (noting that the municipality, not the police department, had the power to sue and be sued under Florida law).

---

[*] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

Lastly, as currently written, the complaint fails to specify a particular violation of a constitutionally protected right, fails to allege an act by a particular defendant that violated a right, and fails to identify a defendant against whom Feliciano can pursue a claim. Feliciano may file an amended complaint, which must be complete because an amended complaint supersedes the original complaint and, as a consequence, "specific claims made against particular defendants in the original complaint are not preserved unless they are also set forth in the amended complaint." *Gross v. White*, 340 F. App'x 527, 534 (11th Cir. 2009); *see Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal rules, an amended complaint supersedes the original complaint."); *see also Lane v. Philbin*, 835 F.3d 1302 n.1 (11th Cir. 2016) (describing as "irregular" a district court's construing together both an original and an amended complaint). In other words, the amended complaint must state each claim without reliance on allegations in the earlier complaint.

Also, Feliciano is advised that, if he fails either to move for an extension of time or to file an amended complaint within the time allotted, this order dismissing the initial complaint will become a final judgment. *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720–21 (11th Cir. 2020) ("[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending the complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the

complaint.") (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

The complaint (Doc. 1) is **DISMISSED** under 28 U.S.C. § 1915(e) for failing to state a claim upon which relief can be granted, but the dismissal is **WITHOUT PREJUDICE** to the filing of an amended complaint within **THIRTY (30) DAYS**. The failure to timely file an amended complaint will result in the dismissal of this action without further notice. The clerk must send to Feliciano the required civil rights complaint form.

### A CAUTION TO MR. FELICIANO

Litigation in federal court is difficult and requires timely compliance with applicable rules, including the Federal Rules of Civil Procedure, the Local Rules, the Federal Rules of Evidence, and several procedural, discovery, and other orders. A judge cannot assist a party, even a *pro se* party, in conducting an action, and a plaintiff enjoys only a limited opportunity to amend the complaint. Therefore, Feliciano is strongly advised — before amending the complaint — to obtain legal advice and assistance from a member of The Florida Bar.

ORDERED in Tampa, Florida, on April 23, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE